UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSIAH TUTTLE,<br><br>    Plaintiff,<br><br>v.<br><br>POCATELLO POLICE DEPARTMENT and BANNOCK COUNTY SHERIFFS DEPARTMENT,<br><br>    Defendants. | Case No. 4:22-cv-00326-DCN<br><br>**INITIAL REVIEW ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Josiah Tuttle's Complaint (Dkt. 2) and Application for Leave to Proceed in Forma Pauperis (Dkt. 1). Pursuant to 28 U.S.C. § 1915, this Court must review Tuttle's request to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Tuttle's Complaint to ensure it meets the minimum required standards.

For the reasons explained below, the Court GRANTS Tuttle's Application to proceed in forma pauperis and will allow him to pay the filing fee over time; however, in light of the Court's review of Tuttle's Complaint, the Court must also DISMISS this case and allow Tuttle an opportunity to amend.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents the "necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

The Court has examined Tuttle's application to proceed in forma pauperis and finds that while it is in the proper form, it does not establish his indigence. In his application, Tuttle reports that his gross monthly income is $1,781—all of which is derived from disability payments—and that his monthly expenses are somewhere between $1,348 and $2,018.[1] Dkt. 1, at 2, 4. While Tuttle's income is not large, neither are his expenses.[2] In

---

[1] It appears from Tuttle's affidavit that he receives a housing subsidy from the Eastern Oregon Center for Independent Living ("EOCIL"). Dkt. 1, a 4. It appears this subsidy is provided monthly—thus indicating Tuttle's *personal* out-of-pocket monthly expenses is $1,348. However, the Court does not know this for certain. .

[2] Tuttle claims that "with my debt to income ratio the Filing Fee would serve to block my access to the Courts Justice Disabled on Fixed Income." Dkt. 1, at 5. However, Tuttle provides no evidence of what that ratio actually is. Furthermore, Tuttle's expenses are relatively low.

INITIAL REVIEW ORDER – 2

short, Tuttle has not sufficiently proven his indigence under 28 U.S.C. § 1915, and may not proceed without the prepayment of the requisite filing fees. That said, the Court will allow Tuttle to pay this fee over time to reduce the financial burden it might otherwise cause. Tuttle will be required to pay the fee in $100 monthly installments. Such payments shall not begin until the last day of the month in which the Court allows Tuttle's complaint to go forward, if Tuttle's complaint (original or amended) passes inspection.

As will be explained in the next section, however, the Court must dismiss this case due to Tuttle's failure at the present time to allege valid causes of action. The Court will, nonetheless, grant Tuttle an opportunity to amend his Complaint. The Court next turns to its initial review of Tuttle's Complaint.

### III. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a Plaintiff's Complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a Plaintiffs' Complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each

claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

In this case, Tuttle brings a § 1983 claim against the Pocatello Police Department and the Bannock County Sheriff's Department claiming violations of the Fourth Amendment for unreasonable search and seizure, as well as assault and battery. Dkt. 2, at 2–3. Tuttle claims that he was "the victim of an assault and battery during a false arrest." Dkt. 2, at 4. Tuttle states that he was walking down the street in Pocatello, Idaho, when he was harassed by some local youth for wearing a mask. He claims that he then went to his hotel to call the police, who upon their arrival "engaged in assault, battery, and false arrest." Dkt. 2, at 4. He also stated that he was "assaulted by thre [sic] Bannock County Sherriff's Jail Guards." *Id.* Tuttle explained that the injuries he sustained included "scrapes, scratches, contusions, bruises, sore muscles," aggravation of prior post traumatic stress disorder, and that he panics at the sight of police officers. *Id.* at 5. He is seeking $777,000 in damages. Dkt. 2, at 5.

While assault and battery can be viewed as a conclusory allegation, the words are also verbs that describe what occurred to Tuttle. Paired with his explanation of his related injuries, his complaint would have enough information to pass muster under other circumstances. However, Tuttle has brought a § 1983 claim against the Pocatello Police Department and the Bannock County Sheriff's Department, not against individual officers, which means that his claim would be governed by the *Monell* standard.

In general, "[t]o establish § 1983 liability, a plaintiff must show both: (1) the deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation was committed by a person acting under color of state law." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011) (citing *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003)). To bring a § 1983 claim against a governmental entity or private entity performing a governmental function, a plaintiff must allege: (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001). Such a claim is considered a *Monell* claim.

Under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), a governmental entity may not be held responsible for the acts of its employees under a respondeat superior theory of liability. *See Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). Rather, because *Monell* liability rests on the actions of the entity, and not the actions of its employees, a plaintiff must go beyond the respondeat superior theory of liability and demonstrate that the alleged constitutional deprivation was the product of a policy or custom of the local governmental unit. *See Brown*, 520 U.S. at 403; *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell*, 436 U.S. at 690–91. A plaintiff must, therefore, show "deliberate action attributable to the municipality [that] directly caused a deprivation of federal rights." *Brown*, 520 U.S. at 415 (emphasis removed). "Where a court

INITIAL REVIEW ORDER – 5

fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into respondeat superior liability," which is impermissible. *Id.*

At present, none of the allegations in Tuttle's Complaint rise to the level of legal claims with available remedies because Tuttle is lacking the most critical element of a *Monell* claim—a policy or custom by the Defendants that led to his alleged constitutional deprivation. Without such a policy, Tuttle's claim would be fatally doomed, even if the Court allowed the complaint to continue. *See, e.g., Olsen v. City of Boise, Idaho, et al.,* 2022 WL 3042982 (D. Idaho Aug. 2, 2022). As such, Tuttle must amend his Complaint to allow this case to proceed.

If amending a complaint would remedy its deficiencies, then courts should provide plaintiffs an opportunity to do so. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). Here, because Tuttle may be able to state a claim upon which relief can be granted, the Court will allow him an opportunity to amend his Complaint to remedy the lack of an offending policy or custom.

## IV. CONCLUSION

While Tuttle appears to have limited resources, he does have sufficient funds to pay the required filing fee over time. Additionally, upon review, the Court finds that Tuttle has not stated any plausible claims for relief and must amend his Complaint.

## V. ORDER

1. Tuttle's Application for Leave to Proceed In Forma Pauperis (Dkt. 2) is GRANTED. Tuttle need not prepay the fee *in full*; however, he must pay $100.00 per month to the Clerk of Court, on or before the last day of each month, with the first payment

due the last day of the month in which the Court allows Tuttle's complaint to go forward (if that occurs), until the filing fee is paid in full. Failure, at any time, to comply with this payment schedule will result in dismissal of this case without further notice.

2. Tuttle's Complaint (Dkt. 2) is deficient as it fails to state any claims upon which relief can be granted. His Complaint is therefore DISMISSED WITHOUT PREJUDICE. The Court GRANTS Tuttle leave to file an Amended Complaint in substantial compliance with the Court's analysis above. Tuttle must file his Amended Complaint within sixty (60) days of the issuance of this Order.

3. Failure to file an Amended Complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice.

DATED: August 9, 2022

_____
David C. Nye
Chief U.S. District Court Judge